IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL ANTHONY WILLIS-POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1342 (VAC) |
| | ) |
| MEADOWWOOD BEHAVIORAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Michael Anthony Willis-Powell, Wilmington, Delaware.   Pro Se Plaintiff.

April 26, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Michael Anthony Willis-Powell, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on September 23, 2021. (D.I. 2). The Complaint does not contain a basis for jurisdiction. This Court proceeds to review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

I. **BACKGROUND**

Plaintiff alleges that on August 27, 2021 he was taken to MeadowWood for a mental health evaluation because he had threatened a police officer. (D.I. 2 at 5). Plaintiff was cooperative. (*Id*.). Plaintiff was discharged on August 31, 2021 with a prescription and his belongings. (*Id.* at 6). Plaintiff discussed his discharge with a Mrs. Smith who informed Plaintiff that his medical notes contained statements that he had threatened self-harm. (*Id*.). Plaintiff states that to his knowledge he never made the statement, he had no prior mental health evaluation and no reason to want to hurt himself until he was a victim of mental health authority without integrity. (*Id*.). Plaintiff seeks compensatory damages.

II. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

1

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court, however, must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  In addition, a plaintiff must plead facts sufficient to show

that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions are therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

Federal courts are courts of limited jurisdiction that only have the power to hear cases that arise under federal law or that meet the requirements for diversity jurisdiction[1] (*see* 28 U.S.C. §§ 1331 & 1332). Here, the Court lacks subject matter jurisdiction. The parties are both located in Delaware, and therefore, there is no jurisdiction based on diversity of citizenship of the parties. And the allegations do not raise or suggest a federal question. Therefore, the Complaint will be dismissed for want of jurisdiction. Given the facts as alleged this Court finds amendment futile.

### IV.   CONCLUSION

For the above reasons, the Complaint will be dismissed for want of jurisdiction. Amendment is futile. An appropriate order will be entered.

---

[1] Diversity jurisdiction requires that (1) the matter in controversy must exceed 75,000 (seventy-five thousand) dollars and (2) the parties are citizens of different states (*see* 28 U.S.C. § 1332(a));